IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE JOHN NICHOLS | : | CIVIL ACTION |
| | : | NO. 12-2211 |
| v. | : | |
| | : | |
| ROBERT HINCKLEY and JACK D. | : | |
| LIPPART | : | |

MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                           JUNE 27, 2012

Plaintiff Jamie John Nichols ("Nichols") filed a *pro se* civil rights action against Officer Robert D. Hinckley ("Hinckley")[1] and Magisterial District Judge Jack D. Lippart ("Judge Lippart"). Nichols seeks to proceed *in forma pauperis*. The court has federal question jurisdiction under 28 U.S.C. § 1331. The court will grant the motion to proceed *in forma pauperis*, dismiss the complaint as frivolous, and give him leave to file an amended complaint.

**I.   FACTS**

The complaint alleges Hinckley, a Ridley Park Police Officer, left a "Bill of Attainder," *i.e.*, a parking ticket, on the windshield of Nichols's automobile on November 11, 2011. Compl. ¶ III.A.1.C. The ticket required him to pay the fine within 72 hours or risk incurring additional penalties; he claims it did not "provide judiciary relief or public trial." *Id*. He went to the police station to address the ticket, and the officers took it and would not return it unless he paid the fine.

Nichols received a "Summons for Summary Case Traffic" issued by Judge Lippart; Nichols alleges the summons demanded trial collateral and an initial plea. He responded to the summons by "ma[king] clear [his] Right to a judicial trial" and by stating the demand for collateral and a plea prior to trial violated his rights. Compl. ¶ III.2.C. Judge Lippart sent at least

---

[1] The complaint spells Officer Hinckley's name as both "Hinckly" and "Hinckley." A review of the state court docket for Nichols shows "Hinckley" to be the proper spelling.

1

three additional summons to Nichols, who refused to pay the fine and continued to assert violations of his rights.

On March 18, 2012, Nichols's father received an order imposing sentence on Nichols; the order was sent to his home address in Apache Junction, Arizona.[2] The notice stated Judge Lippart held a hearing and imposed a sentence on Nichols *in absentia*. He made inquiries with the court and was informed the court had sent him notices of the hearing, but the notices were returned undelivered. He alleges his father then received a notice of an impending bench warrant for Nichols. He claims to have filed an appeal of his sentence; a review of his state court docket shows he was found not guilty on May 14, 2012.

Nichols seeks damages from defendants for violating his Fifth, Sixth, and Fourteenth Amendment rights.[3] A liberal reading of the *pro se* complaint would find that his cause of action is under 42 U.S.C. § 1983, which provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). Nichols also claims defendants are criminally liable under 18 U.S.C. §§ 241 & 242, and Nevada Revised Statute 197.200. He further claims Judge Lippart committed "constructive treason." Compl. ¶ V.

## II.   STANDARD OF REVIEW

The motion to proceed *in forma pauperis* is granted because Nichols has satisfied the requirements set forth in 28 U.S.C. § 1915(a)(1). The court must dismiss the complaint *sua*

---

[2] The complaint states Nichols is an Arizona resident who currently resides in Pennsylvania.

[3] Nichols also alleges Hinckley violated his rights under "the 1st amendment sec. 9 clause 3." The First Amendment to the United States Constitution does not have subsections or clauses. Nichols may be asserting a claim under section nine, clause three of *Article I* of the United States Constitution, which prohibits punishment without benefit of a judicial trial. U.S. Const. art. I, § 9, cl. 3. Regardless of the provision Nichols intended to invoke, his claim fails for the reasons detailed herein.

*sponte* if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. DISCUSSION

#### A. Claims Under 18 U.S.C. §§ 241 & 242 and N.R.S. § 197.200

Nichols alleges defendants violated 18 U.S.C. §§ 241 & 242, criminalizing a conspiracy to deprive an individual of rights and the deprivation of an individual's rights under color of law. He also alleges Hinckley violated Nevada Revised Statute § 197.200, criminalizing oppression under color of office.

A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Criminal statutes "do not give rise to civil liability." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Nichols may not seek to hold defendants criminally or civilly liable under 18 U.S.C. §§ 241 & 242 and N.R.S. § 197.200; the court will dismiss his claims under those statutes with prejudice.

#### B. Claims Against Judge Lippart

Nichols alleges Judge Lippart violated his rights to a public trial and due process. Judges "are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). The claims against Judge Lippart are based solely on how he handled the proceedings concerning the parking ticket, *i.e.*, actions taken in his judicial capacity. Judge Lippart is immune from the claims under § 1983; the court will dismiss the § 1983 claims against him with prejudice.

Nichols also alleges Judge Lippart committed constructive treason by conspiring to hold a trial and convict Nichols without his knowledge.  The United States Constitution does not recognize the crime of constructive treason.  *Ex parte Bollman*, 8 U.S. 75, 112 (1807).  The Constitution provides:

> Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort.  No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court.

U.S. Const. art. III, § 3, cl. 1.

Nichols has not alleged Judge Lippart levied war against the United States or supported its enemies.  The court will dismiss the claim for constructive treason against Judge Lippart with prejudice.

  C. **42 U.S.C. § 1983 Claims Against Hinckley**

Nichols alleges Hinckley violated his due process rights by leaving a parking ticket on his car.  Issuing a parking ticket does not violate an individual's constitutional rights when the individual is provided with an opportunity to contest the citation.  *See Doris v. Newtown Borough, Inc.*, 207 F. App'x 242, 244 (3d Cir. 2006) (unpublished); *see also DePiero v. City. of Macedonia*, 180 F.3d 770, 787-89 (6th Cir. 1999) (summons mailed to individual's last known address satisfied due process requirements even though parking ticket itself did not provide a means to contest it).

Nichols acknowledged Judge Lippart offered to accept the minimum $35 for trial collateral and give Nichols the opportunity to contest the parking ticket in court.  Nichols exchanged several letters with court personnel and notice of a hearing was sent to his home address in Arizona.  A review of the state court docket shows he appears to have been successful in appealing the issuance of the parking ticket.  Nichols was provided with due process of law; the court will dismiss the § 1983 claims against Hinckley.

**IV.     CONCLUSION**

The court will grant the motion to proceed *in forma pauperis* and dismiss the complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  As a district court should generally provide a *pro se* plaintiff with leave to amend, Nichols will be given the opportunity to file an amended complaint if he can assert a viable cause of action.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113-14 (3d Cir. 2002).  An appropriate Order follows.