IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE JOHN NICHOLS | : | CIVIL ACTION |
| | : | NO. 12-2211 |
| v. | : | |
| | : | |
| ROBERT HINCKLEY and JACK D. LIPPART | : | |
| | : | |

MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                                     AUGUST 15, 2012

      Plaintiff Jamie-John Nichols ("Nichols") filed a *pro se* civil rights action against Officer Robert D. Hinckley ("Hinckley") and Magisterial District Judge Jack D. Lippart ("Judge Lippart"). The court has federal question jurisdiction under 28 U.S.C. § 1331 and previously granted Nichols's motion to proceed *in forma pauperis*, dismissed his complaint as frivolous, and gave him leave to file an amended complaint.

      Nichols filed a *pro se* "Ammended Criminal Complaint" on July 24, 2012; all claims asserted therein are now dismissed with prejudice.

**I.     FACTS**

      The original complaint alleged Hinckley, a Ridley Park Police Officer, left a "Bill of Attainder," *i.e.*, a parking ticket, on the windshield of Nichols's automobile on November 11, 2011. Compl. ¶ III.A.1.C. The ticket required him to pay the fine within 72 hours or risk incurring additional penalties; he claims it did not "provide judiciary relief or public trial." *Id*. He went to the police station to address the ticket, and the officers took it and would not return it until he paid the fine.

      Nichols received a "Summons for Summary Case Traffic" issued by Judge Lippart thereafter. Nichols alleged the summons demanded trial collateral and an initial plea. He responded to the summons by "ma[king] clear [his] Right to a judicial trial" and by stating the demand for collateral and a plea prior to trial violated his rights. Compl. ¶ III.2.C. Judge Lippart

sent at least three additional summons to Nichols, who refused to pay the fine and continued to assert violations of his rights.

Nichols's father received an order imposing sentence on Nichols; the order was sent to his home address in Apache Junction, Arizona.  The notice stated Judge Lippart held a hearing and imposed a sentence on Nichols *in absentia*.  Nichols made inquiries with the court and was informed the court had sent him notices of the hearing, but the notices were returned undelivered.  He alleges his father then received a notice of an impending bench warrant for Nichols.  He claims to have filed an appeal of his sentence; a review of the state court docket shows he was found not guilty on May 14, 2012.

Nichols's "Ammended Criminal Complaint" asserts that Judge Lippart abrogated his rights to due process and a public trial.  Nichols cites violations of the Constitution, Article I, Article IV, Article VI, and the Fourteenth Amendment.  He also alleges deprivation of rights under color of law, 18 U.S.C. § 242, a conspiracy against rights, 18 U.S.C. § 241, and, finally, he asserts a cause of action under extortion by officers or employees of the United States, 18 U.S.C. § 872.  The latter three are criminal statutes.

Nichols has filed an "Order and Demand" commanding the sum of $10,000 for each constitutional violation and any and all legal punishments be provided.  In addition, he seeks $20,000 in retribution from Hinckley and $60,000 in retribution from Judge Lippart.  Finally, he has ordered this judge to appear in the courtroom under common law jurisdiction to keep and maintain the peace and to protect the rights of the people.  He declared this judge shall have no other duties, responsibilities or powers as his appointed clerk in this criminal proceeding.  This is followed by a "Notification of reservation of rights UCC 1-308 (27)."  This "reservation of rights" was signed by Nichols as:

> [A] nonresident alien of the United States, A Sentient being and
> natural **c**itizen upon the land contained within the outer borders of
> the de jure Arizona republic known as Jamie-John [Nichols] here
> explicitly reserve(s) all of my rights at all times and in all places,
> and such as my rights cannot by or for any reason(s) be removed or

> surrendered. I reserve my right not to be compelled to perform under any contract or commercial agreement that I did not enter knowingly, voluntarily and intentionally. And furthermore, I do not under any circumstances accept the liability of the compelled benefit(s) of any unrevealed contract or commercial agreement.

## II.     DISCUSSION

As the court explained in its opinion dismissing the original complaint, allegations that defendants violated various criminal laws are not actionable. Criminal statutes do not give rise to civil liability, so the court dismissed the claims under those statutes with prejudice. See *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). The claims against Judge Lippart for violating his rights to a public trial and due process are also frivolous because judges "are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). The claims against Judge Lippart under 42 U.S.C. § 1983 will be dismissed with prejudice.

Article III, Section 3, Clause 1, of the United States Constitution does not recognize a crime of treason against Judge Lippart and Hinkley. Nichols has not alleged they levied war against the United States or supported its enemies; his claim that defendants relinquished their citizenships by giving him a traffic ticket and, as a consequence, are enemies conducting war on the United States is frivolous. His claim that the judge should serve as his clerk in the *pro se* criminal action for treason is even more frivolous. The notification of reservation of rights, to the extent it makes a correct statement of law, is absolutely irrelevant to his cause of action.

## III.    CONCLUSION

The amended complaint will be dismissed as frivolous with prejudice, and the action will remain closed.